**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SIMON BODLEY,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **11 C 8137** |
| | ) | |
| **ANDREW OTT,** | ) | |
| **Respondent.** | ) | |

<u>**MEMORANDUM AND ORDER**</u>

Petitioner Simon Bodley's pro se petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 and the respondent's motion to dismiss the petition as time-barred are before the

court. As the time provided for Mr. Bodley to respond to the motion to dismiss has passed and

no response has been filed, the court will proceed based on the present record. For the following

reasons, the court finds that Mr. Bodley's petition is untimely and thus grants the respondent's

motion to dismiss.

<u>**Background**</u>

Petitioner Simon Bodley (prison identification number is B40127) is incarcerated at

Graham Correctional Center in Hillsboro, Illinois, where he is in the custody of Andrew Ott, the

warden of that facility.

*State Direct Proceedings*

On December 5, 2005, Mr. Bodley pled guilty in the Circuit Court of Cook County to two

counts of aggravated kidnaping and two counts of attempted aggravated criminal sexual assault.

On that same date, he was sentenced to four concurrent twenty-five-year prison terms. Mr.

Bodley did not appeal.

*State Collateral Proceedings*

On October 3, 2008, Mr. Bodley filed a pro se postconviction petition in the Circuit Court of Cook County pursuant to 725 ILCS § 5/122-1, *et seq*.  The postconviction petition refers to an "August 2008 motion to withdraw [Mr. Bodley's] guilty plea.  Dkt. 12-1, Page ID#61.  The state court docket sheet, however, does not reflect any such motion.  Id. at Page ID#93-96.

The trial court summarily dismissed the petition on November 21, 2008.  Mr. Bodley appealed and after his attorney filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), the Illinois Appellate Court affirmed on February 19, 2010.  Mr. Bodley filed a petition for rehearing that was denied on March 18, 2010.  He then filed a petition for leave to appeal ("PLA"), which the Illinois Supreme Court denied on September 29, 2010.

Meanwhile, on March 23, 2009, Mr. Bodley requested leave to file a successive postconviction petition in the Circuit Court of Cook County. That request was denied on May 8, 2009.  On July 14, 2009, Mr. Bodley filed a motion to reconsider, which was denied on February 19, 2010.  Mr. Bodley appealed the denial of his request for leave to file a successive postconviction petition but upon his request, that appeal was dismissed on August 11, 2011.

On March 30, 2010, Mr. Bodley filed a second request for leave to file a successive postconviction petition in the Circuit Court of Cook County (*i.e.*, a request to file a third state postconviction petition).  The trial court denied the request on April 9, 2010, based on its conclusion that the filing did not contain any new grounds and was unsupported.  It also issued a warning order pursuant to 735 ILCS § 5/22-105 advising Mr. Bodley that future filings deemed frivolous would subject him to statutory monetary sanctions that would be deducted from his prison trust fund account.

*Federal § 2254 Petition*

On November 15, 2011, Mr. Bodley's § 2254 petition was filed with this court. The petition is dated November 2, 2011, and the docket entry states "Envelopes postmarked 11/3/11 and 11/8/11." Dkt. 1. The accompanying motion for leave to proceed in forma pauperis is dated September 28, 2011, and the supporting prison trust fund account printout is dated October 7, 2011.

The petition raises four claims:

1.      Trial counsel was ineffective for failing to interview the owner of the store where the charged offenses occurred and people in the "fast food place where [Mr. Bodley's] car was parked" that was next door to the store, Dkt. 1, Page ID#6), (b) failing to conduct a "meaningful investigation of the cases," (c) coercing Mr. Bodley to plead guilty due to counsel's failure to challenge the State's evidence and thus provide an alternative to a guilty plea; and (d) telling Mr. Bodley to plead guilty because counsel was not prepared to go to trial;

2.      The prosecution improperly used an alleged uncharged prior sexual assault by Mr. Bodley to show modus operandi and a propensity to commit the crime charged in the underlying state court case;

3.      Mr. Bodley's guilty plea was not knowing and voluntary because it was premised on counsel's representation that he was not prepared to go to trial so if he nevertheless proceeded to trial, he would be found guilty;

4.      The State used a crime greater than ten years old as impeachment evidence, causing Mr. Bodley to feel that he was being judged on his past and not the "real facts or truth." Dkt. 1 at Page ID#9

**Discussion**

A one-year statute of limitations applies to petitions for a writ of habeas corpus. 28 U.S.C. § 2244(d). The statute of limitations begins to run when the latest of several events occur, including the one applicable here: the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. §
2244(d)(1)(A).

Mr. Bodley was sentenced on December 5, 2005.  Given Mr. Bodley's guilty plea, to
appeal, he had thirty days from the date of sentencing to file a motion to withdraw his plea or
reconsider the sentence.  Illinois Supreme Court Rule 604(d).  He did not file any such motion so
his conviction "became final" under § 2244(d)(1)(A) thirty days later, on January 4, 2006, when
the time to file a motion to withdraw his plea or for reconsideration of his sentence expired.
*United States ex rel. Harper v. Montgomery*, 690 F. Supp. 2d 708, 710 (N.D. Ill. 2010) ("In light
of the fact that Harper did not move to withdraw his plea and did not file a direct appeal, his
conviction became final on June 30, 1997, which was 30 days after he pled guilty").

Thus, as noted by the respondent, the statute of limitations began running on January 5,
2006, and, absent any tolling, Mr. Bodley had until January 4, 2007 to file a timely habeas
petition.  *See* Fed. R. Civ. P. 6(a).  The respondent disputes whether Mr. Bodley is entitled to the
benefit of the mailbox rule but concedes that all possible filing dates in 2011 are untimely.

The court must thus consider whether any of Mr. Bodley's state court collateral
proceedings tolled the statute of limitations.  Mr. Bodley filed his state postconviction petition on
October 3, 2008, when the statute of limitations had already expired.  The filing of the state
postconviction petition thus could not revive the already exhausted limitations period.  *DeJesus
v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("a state proceeding that does not begin until the
federal year has expired is irrelevant").  Next, Mr. Bodley's state postconviction petition's
reference to an "August 2008" motion to withdraw Mr. Bodley's guilty plea does not help him.
Setting aside the fact that the record does not show that any such motion was filed, the filing of a

-4-

motion in August of 2008 is irrelevant for tolling purposes as by August of 2008, the statute of limitations had already expired. Similarly, Mr. Bodley's two requests for leave to file successive postconviction petitions in 2009 and 2010 are too late to serve as a basis for tolling as even if these requests were "properly filed" under Illinois law (an issue which the court need not reach), they occurred years after the one-year limitations period had expired.

Thus, Mr. Bodley's only hope of persuading the court that his § 2254 petition is not time-barred is equitable tolling. To the extent that equitable tolling is available, to be entitled to take advantage of this doctrine, Mr. Bodley "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotations omitted). Mr. Bodley did not respond to the motion to dismiss and his § 2254 petition does not address the statute of limitations applicable to federal habeas petitions.

The respondent characterizes the two year-plus gap between the end of Mr. Bodley's direct proceedings and the filing of his first state postconviction petition as "inexplicable" and "unexplained." A more likely reason for the gap is a failure to understand the state collateral appeal process and the often complex rules used to calculate the due date of a federal habeas petition. However, it is well established that a prisoner's pro se status and the fact that he is incarcerated do not entitle him to equitable tolling. *See, e.g., Tucker v. Kingston*, 538 F.3d 732, 734-35 (7th Cir. 2008) (collecting cases holding that "limited resources," "the lack of legal expertise," and a "prisoner's limited access to the prison law library" are not grounds for equitable tolling). Regardless, given the two year gap, Mr. Bodley cannot show that he pursued his rights diligently. *See Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010) (delay of almost

one year was unreasonably long). Thus, even if equitable tolling was available, it would not be available to Mr. Bodley based upon the facts of this case.

Accordingly, the court finds that his habeas petition is barred by the statute of limitations. This means that the respondent's motion to dismiss is granted and Mr. Bodley's petition is dismissed as untimely.

## **Certificate of Appealability**

Given the court's finding that Mr. Bodley's petition is time-barred, it must consider whether a certificate of appealability should issue. *See* Rule 11(a) of the Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters "a final order adverse to the applicant"). Under 28 U.S.C. § 2253(c)(2): "(1) [a] certificate of appealability may be issued only if the prisoner has at least one substantial constitutional question for appeal; (2) [t]he certificate must identify each substantial constitutional question; (3) [i]f there is a substantial constitutional issue, and an antecedent non-constitutional issue independently is substantial, then the certificate may include that issue as well; (4) [a]ny substantial non-constitutional issue must be identified specifically in the certificate; [and] (5) [i]f success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

Here, the court finds that the statute of limitations issue is governed by a straightforward application of well-established precedent. Accordingly, the court finds that

there can be no substantial question regarding the statute of limitations and declines to issue a certificate of appealability.

### Conclusion

For the above reasons, the respondent's motion to dismiss [Dkt. 11] is granted, Mr. Bodley's petition is dismissed as untimely, and the court declines to issue a certificate of appealability.   The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

DATE: March 8, 2012

_Blanche M. Manning_
Blanche M. Manning
United States District Judge